*LIPPINCOTT vs. LOUISIANA INSURANCE COMPANY.*

**APPEAL FROM THE COURT OF THE FIRST DISTRICT.**

If a vessel be insured for six months trading between New-Orleans and any port in the West Indies, United States, or Gulf of Mexico, except Rio Grande, or Brassos of St. Jago, the port of New-Orleans is made one of the *termini;* and a voyage between a port in the West Indies and the United States is not within the policy.

2L 399
52 789
2 399
114 152

This action was brought to recover the amount of a policy of insurance upon the schooner Volant, "trading between New Orleans and any port in the West Indies, United States or Gulf of Mexico, except Rio Grande, or Brasos of St. Jago."

It was admitted that the schooner sailed from New Orleans to Matanzas, where she arrived, and proceeded from thence to Savannah, on which voyage she was lost by one of the perils insured against, and within the period comprized in the policy. On the trial the plaintiffs offered in evidence the following written application, made to the defend-

Eastern District,
*May 1831.*

LIPPINCOTT
*vs.*
LA. INSUR CO-

ants, and by them accepted:—"Insurance is wanted on schooner Volant for the term of six months, with permission to trade to any port in the West Indies, Gulf of Mexico, or United States." The introduction of this document was opposed by the defendant's counsel, on the ground that it varied the terms and conditions of the policy in respect to the voyage insured therein, which was free from all ambiguity. The court admitted the document, and the defendants excepted.

It was proved that no greater premium would have been charged at other insurance offices, for the risks specified in the written application, and that specified in the policy.

There was a verdict and judgment for the plaintiffs, and the defendants appealed.

*Eustis* for appellants.

*Slidell* for appellees.

*Porter, J.* delivered the opinion of the court.

The plaintiffs insured with the defendants their schooner Volant, for the term of six months, "trading between New Orleans and any port in the West Indies, United States, or Gulf of Mexico, except Rio Grande or Brassos of St. Jago." The vessel was lost in a voyage between Matanzas, in the island of Cuba, and Savannah.

If a vessel be insured for six months' trading between New Orleans and any port in the West Indies, U. States, or Gulf of Mexico, except Rio Grande or Brassos of St. Jago, the port of N. Orleans is made one of the *termini*, and a voyage between a port in the West Indies and one in the U. States is not within the policy.

We are of opinion that by the terms of the policy, the port of New-Orleans is made one of the *termini* of the voyages insured, and that a voyage between a port in the West Indies and a port in the United States, is not a voyage between New Orleans and any port in the West Indies, United States or Gulf of Mexico.

We think this is so clearly the meaning of the language used, that it is impossible to make it plainer by reasoning or illustration. On the trial, the plaintiffs produced the written proposals made to the company, and accepted by them, to shew that a voyage such as that on which the schooner was lost, entered into the contemplation of the parties; that it was so particularly understood by the plaintiffs; and that

the terms inserted in the policy must have been placed there through error or fraud.

The court received the evidence, though objected to; and the jury having found a verdict against the defendants, which was confirmed; they appealed.

We think the court erred. Admitting the document offered to be legal evidence to control the written policy, in any case, (on which we express no opinion,) we are satisfied that it could not be introduced by the plaintiffs in the present action. If error or fraud occasioned a contract to be executed in writing different from the intention of the parties, it was the duty of the party relying on such an allegation, to make it the basis of his action, to give notice of it to the defendants, and afford them the means to meet, and, if in their power, to refute it.

The action in this instance is on the policy; and that policy shews a voyage different from that on which the vessel was lost.

It is therefore ordered, adjudged, and decreed, that the judgment of the District Court be annulled, avoided, and reversed; and that there be judgment for the defendants, as in case of nonsuit, with costs in both courts.