No. 2292.—THE STATE, etc., ex. rel. C. ROMAN, President, etc., *v.* THE JUDGE OF THE SIXTH DISTRICT COURT FOR THE PARISH OF ORLEANS.

An appeal bond is lawful and operative when signed by two or more sureties who bind themselves each for a stated sum or portion of the bond, the aggregate amount of the respective sums being the full amount required by law.

APPLICATION for a writ of prohibition. *A. & M. Voorhies,* for relators.

REPORTER.—The question of the validity of an appeal bond, where the sureties thereon limit their liability to a certain amount was first determined in the case of Bastable's Heirs *v.* Succession of Denegre in the month of June, 1868, by the Supreme Court organized under the Constitution of 1864. The question arose in that case on a motion to dismiss the appeal on the ground that the bond was invalid, the sureties having divided their liability. In that case it was held that the sureties could limit their liability. That case which is still pending in the Supreme Court forms a precedent for the decision in this case, Mr. Chief Justice Ludeling and Mr. Justice Taliaferro dissenting from the majority of the Court.

HOWE, J. The question to be decided in this case is whether a bond furnished for a suspensive appeal is lawful and operative when executed by two or more sureties who bind themselves each for a stated sum or portion of the bond. The aggregate amount of the respective sums being the full amount required by law.

This question was discussed and determined in the affirmative in the case of Bastable's Heirs *v.* Succession of Denegre, decided on motion to dismiss in June, 1868, but which has not yet been reported for the reason that the cause has not yet been tried on the merits. We adhere to the opinion expressed in that case, and are therefore constrained to decide that the writ demanded herein must issue.

It is therefore ordered that a writ of prohibition be issued as prayed for, directing the respondent to proceed no further in the case of M. Marinoni v. The Pelican Mutual Insurance Company of New Orleans.

LUDELING, *Chief Justice, dissenting:*

In this case I concur in the decree, although I dissent entirely from the views expressed by the court. The relator avers that in the suit entitled M. Marinoni v. The Pelican Mutual Insurance Company of New Orleans a judgment was rendered against the company for $7500 with five per cent. per annum interest from twenty-second day of March, 1868; that within the legal delays he applied for and obtained an order for a suspensive appeal, and he executed an appeal bond for the amount required by law in favor of the clerk of said court. He avers further that a motion was made by the plaintiff in said suit to quash the suspensive appeal on the ground that the bond furnished was not such as the law required; that each of the sureties on the bond had limited his responsibility to a part only of the bond, instead of binding himself for the whole amount of the bond, and that the suspensive appeal was dismissed.

They aver that unless restrained by the mandate of this court the District Judge will continue to entertain usurped jurisdiction of the case and will permit the execution of the judgment notwithstanding the suspensive appeal. They pray for writs of prohibition and mandamus against the judge, sheriff and clerk.

The District Judge has acknowledged service of the petition for the writs of prohibition and mandamus and waived service of the rule *nisi;* and he has furnished in writing the reasons for his decision.

He says: "The point to be decided is whether an appellant can furnish bond for a suspensive appeal with two or more sureties, who obligate themselves, each for a stated sum or portion of the bond?" And I think he answers the question correctly in the negative. The law requires the surety to be bound *in solido;* if there be more than one surety on the bond *each one* must be bound for the whole amount in favor of the payee. This is what article 2036 of the Civil Code, declares is to be bound *in solido.* Toul. vol. 6, No. 723; Path. on Obligations, No. 261. Article 575 of the Code of Practice requires the appellant to give "a good and solvent surety, residing within the jurisdiction * * * *as surety for the payment of the amount of the judgment.*"

The judicial surety is bound absolutely for the debt. C. C. article 3014, 3035.

Whether the sureties may limit their liabilities by agreement among themselves is not a question for decision in this case. I think they can not bind themselves in a manner different from that in which the law says they shall be bound toward the payee of the bond. The appeal "bond is taken with reference to the law and must be construed by it." C. C. 3035; 3037; 2 La. 399; 9 R. 538; 4 An. 373; 7 An. 539, 570;

12 An. 69; 13 An. 604. The principal in the bond is bound in the sum of eleven thousand five hundred dollars, and the conditions in the bond are as follows: "Whereas, the above bounden Charles Roman, President of the Pelican Mutual Insurance Company of New Orleans, this day filed a petition of appeal from a final judgment rendered against said insurance company in the suit of M. Marioni v. The Pelican Mutual Insurance Company of New Orleans in the Sixth District Court for the parish of Orleans on the —— day of ———.

Now the condition of the above obligation is such, that the above bound Charles Roman, President of the Pelican Mutual Insurance Company, shall prosecute his appeal and shall satisfy *whatever* judgment may be rendered against him as President, or that the same shall be satisfied by the proceeds of the sale of estate, real or personal, if he be cast in the appeal, *otherwise that the said surety shall be liable in his place.* And then follows the signatures of the parties to the bond with different amounts, in figures, after the signatures of the sureties. In the case of Slocomb *et al. v.* Robert this court said: "It has been urged that we have often said 'in whatever manner a man binds himself he shall remain bound.'" This may be true in mere conventional obligations, but not in judicial bonds taken by a sheriff from persons in his custody. In such a case the sheriff has no power to take any other bond but that which he is authorized by law to take. *Any clause which is superadded must be rejected,* and any that is omitted supplied." They offered themselves as sureties *on an appeal bond,* and their responsibility is fixed by the law. My opinion is that sureties on an appeal bond can not limit their liability to the appellee, and that they are bound *in solido,* as the law contemplated they should be, each for the whole debt, notwithstanding any attempt on their part to limit their responsibility. I think therefore that the bond is valid.

*Taliaferro, J., dissenting:*

When a party agrees to sign an appeal bond as surety he consents to bind himself as the law requires him to be bound, and he ought not to be heard to gainsay his obligation. The purpose of the law in requiring the parties to be bound solidarily is to secure the speedy and practicable execution of the judgment appealed from in the event of its confirmation on appeal. This purpose would be prostrated if the appellant were allowed to give a bond signed by sureties bound each for a portion only of the amount of the bond. If this doctrine was admitted, an appellant might give an indefinite number of sureties each bound for a minute part of the amount, and thus practically render the judgment against him nugatory after its confirmation by the appellate court.

I concur with the Chief Justice in dissenting from the opinion of the majority of the court.