(58 South. 826.)

No. 19,169.

PEOPLE'S BANK OF DONALDSONVILLE
v. NATIONAL FIRE INS. CO.
OF HARTFORD, CONN.

(June 4, 1912.)

*(Syllabus by the Court.)*

INSURANCE (§ 376*) — ACTION ON POLICY—
CONDITIONS—WAIVER.

Where suit is brought upon a policy of insurance, containing conditions to the effect that it shall become void in the event of a change in the title of the subject of the insurance, unless otherwise provided by agreement, indorsed on the instrument, and that no agent shall have power to waive or be held to have waived any conditions, unless such waiver be so indorsed on, or attached to, the policy, and no error or fraud is alleged, the plaintiff is bound by the conditions thus expressed in the written contract sued on; and his petition, setting up a verbal agreement with an agent, in direct contravention of the same, is properly dismissed as disclosing no cause of action.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 952–955; Dec. Dig. § 376.*]

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Action by the People's Bank of Donaldsonville, against the National Fire Insurance Company of Hartford, Conn. From a judgment dismissing the action, plaintiff appeals. Affirmed.

G. A. Gondran and W. J. Waguespack, for appellant. W. S. Parkerson and Stirling Parkerson, for appellee.

Statement of the Case.

MONROE, J. Plaintiff has appealed from a judgment dismissing this suit upon an exception of no cause of action.

The petition alleges, in substance, that on February 23, 1909, defendant issued its policy of fire insurance for $5,000 in favor of W. J. Le Blanc, covering, for a period of one year, certain buildings situated upon a plantation in the parish of Assumption, which policy is annexed to and made part of the petition, and contains, among others, the following stipulations, to wit:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void * * * if the interest of the insured be other than unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple, * * * or if any change, other than by the death of the insured, takes place, in the interest, title or possession of the subject of insurance (except change of occupants, without increase of hazard), whether by legal process or judgment or by voluntary act of the insured, or otherwise; or if this policy be assigned before a loss. * * * This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements or conditions as may be indorsed hereon or added hereto, and no officer, agent, or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto, and as to such provisions and conditions, no officer, agent or representative shall have such power or be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached."

It further alleges that, at the date of the issuance of the policy plaintiff held and owned a note for $8,300, executed by the assured and secured by mortgage upon the plantation, and, for the further security of said note, there was attached to said policy a stipulation to the effect that any loss proven to be due thereunder to W. J. Le Blanc should be payable to the People's Bank of Donaldsonville, "as interest may appear." It further alleges that, on February 21, 1910, Le Blanc sold the plantation to Senat Rivet, for a price, payable part cash and part in notes, and on February 23d plaintiff accepted the notes given by Rivet in place of the note for $8,300 held by it, and surrendered the latter for cancellation, subject to the agreement that Le Blanc should transfer his interest in the policy to Rivet, loss, if any, to be payable to plaintiff, which transfer was.

to be formally effected by the agent of the company on that. day (February 23d); that Le Blanc called at the office of the agent of the company during the day, but failed to find him there,. and did not meet him until after the bank had closed "with the policy [as the petition alleges] in its files"; that he then explained to the agent what he had ·done, and informed him that he wished to have the policy assigned to Rivet and the loss made payable to plaintiff, and that the agent said that it was "all right," and that the assignment could be made the next day, .as it was then too late that day to make it formally, in writing, to all of which Le Blanc assented, "both as the assignor of the said policy and as the cashier of your petitioner, he acting then and there in both capacities in the assignment of said policy;" that two of the buildings insured by said policy for $4,700, burned that night, "after the said policy had been assigned by the said W. J. Le Blanc to the said Senat Rivet by verbal agreement with the agent of defendant company, and the loss had been made payable to petitioner, as its interest might appear;" that petitioner still holds and owns the notes, secured by mortgage on said property, and is entitled to recover the amount for which the property was insured, with interest and damages, under act 168 of 1908. Wherefore it prays, etc.

### Opinion.

According to, its terms, the policy became void on February 21st, since upon that day there was a change in the title and (pre-.sumably) in the possession of the subject of insurance, concerning which there was not only no agreement with defendant, indorsed on the policy, but, so far as we are informed by the petition, no attempt either to make ·such an agreement, or to have it so indorsed. The petition does not allege that defendant's agent was advised on February 23d that the property had been sold two days before; but if that allegation had been made, and we were specifically (as we are inferentially) asked to hold that the agent had waived the condition of the policy whereby it had become void, plaintiff would still be confronted with the difficulty that it would be asking, as it is asking, this court to hold something which, according to the very contract that it is seeking to enforce, and which is made part of its petition, as expressing the true understanding of the parties, it was agreed should not be held, to wit, that the plaintiff could bind the defendant by a waiver and agreement, not indorsed upon or attached to said original contract.

The cases upon which counsel for plaintiff appear to rely deal, for the most part, with questions of preliminary agreements for the issuance of policies of insurance; whilst here we are dealing with a case where the policy was issued, and plaintiff is seeking to enforce it in contravention of its terms. In some other cases, the courts seem to have gone rather far, as it seems to us, in holding (to quote from counsel's brief an excerpt from one of the cases cited) that:

"An insurance agent may orally waive conditions in the policy, though the policy requires the waiver to be indorsed thereon"—

which is. to say that an agent may bind his principal in a matter, or in a manner, in respect to which the authority so to bind is expressly withheld, to the knowledge of, and under a written contract with, the party with whom the agent deals.

We have, however, not adopted that view, nor have many of the other courts of the country, and we find no sufficient reason for doing so. Lippincott v. Insurance, 2 La. 399; Adema v. Insurance Co., 36 La. Ann. 660; Weinberger v. Insurance Co., 41 La. Ann. 31, 5 South. 728; Murphy v. Insurance Co., 52 La. Ann. 775, 27 South. 143; Arguimbau & Co. v. Insurance Co., 106 La. 139, 30 South. 148; St. Landry, etc., Co. v. Insur-

ance Co., 114 La. 146, 38 South. 87, 3 Ann. Cas. 821.

. The judgment appealed from is accordingly affirmed.