The judgment appealed from is affirmed at the cost of plaintiff.

O'NIELL, J., concurs in the decree.

═══════

(79 South. 171)

No. 21713.

MARTIN v. FIRST NAT. FIRE INS. CO.

(May 27, 1918. Rehearing Denied June 29, 1918.)

*(Syllabus by the Court.)*

INSURANCE ☞376(1) — FIRE INSURANCE — WAIVER OF PROVISIONS — KNOWLEDGE OF AGENT.

The stipulation in a policy of insurance that no waiver of any of the provisions of the policy shall have effect unless written upon or attached to the policy is a legal and binding contract. And the insured cannot claim waiver or estoppel based upon the knowledge of the agent of the insurance company that the policy is being violated.

Appeal from Civil District Court, Parish of Orleans; George H. Théard, Judge.

Action by Mrs. Francis Martin against the First National Fire Insurance Company. Judgment for plaintiff, and defendant appeals. Annulled, and judgment rendered for defendant dismissing the suit.

Howe, Fenner, Spencer & Cocke, of New Orleans, for appellant. Titche & Rogers, of New Orleans, for appellee.

SOMMERVILLE, J. Plaintiff sues upon two insurance policies because of the loss by fire of property insured resulting from the explosion of a gasoline stove which was in use by a tenant of plaintiff in the property at the time of the fire.

Defendant answered that the policies were avoided and annulled because of the use of gasoline on the premises contrary to a prohibition contained in the policies.

Thereupon plaintiff pleaded an estoppel against defendant based on the allegation:

"That the gasoline stove complained about in the answer was present in the said premises at the time the insurance was written to the knowledge of the said inspectors, and to the knowledge of the defendant insurance company; that, notwithstanding that the said insurance companies and their inspectors and agents were aware of the presence of the gasoline stove, they wrote the policy of insurance, accepted the premiums, maintained the insurance contracts in force, and retained the said premiums."

The plea of estoppel was maintained, and judgment was rendered in favor of plaintiff. Defendant has appealed.

Plaintiff relies entirely upon the plea of estoppel filed by her. She says that the inspector inspected the premises before the policies were issued, and that he saw, or should have seen, the gasoline stove at that time in the kitchen of the building. The inspector, testifying, says that he had no recollection whatever of having seen a gasoline stove on the premises.

The doctrine of waiver, as asserted

against insurance companies to avoid the strict enforcement of the terms contained in their policies, is only another name for the doctrine of estoppel. It can be invoked where the conduct of the companies has been such as to induce action and reliance upon it, and where it would operate as a fraud on the insured if they were afterwards allowed to disavow their contracts and enforce their conditions. Ins. Co. v. Wolff, 95 U. S. 326, 24 L. Ed. 387.

The policies sued upon contain the contracts between the parties, and they are the law unto them, and the court can only enforce the law as stipulated and agreed upon. It is therein agreed that:

"No officer, agent or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement endorsed hereon, or added hereto; and as to such provisions and conditions no officer, agent, or representative shall have such power or be deemed or held to have waived such provisions or conditions, unless such waiver, if any, shall be written upon or attached hereto, nor shall any privileges or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached."

There was no written permission written or attached to the policy permitting the use of gasoline on the premises. On the contrary, the policy stipulated that gasoline should not be used on the premises.

Under the letter of the law between the parties there was no waiver of the provision with reference to the use of gasoline, and plaintiff herself is estopped from claiming loss under the policies.

Plaintiff relies upon several decisions in other jurisdictions and the case of Mongeau v. Liverpool, London & Globe Insurance Co., 128 La. 654, 55 South. 6. The latter was a case for the loss of premises occupied by a pressing club. But the evidence therein was so conflicting that it was impossible for the company to sustain the defense that benzine, or other inflammable articles, had been used on the premises; and there was judgment in favor of plaintiff in that case. Discussing the rule, if the hazard be increased by and with the knowledge and consent of the insured that he might lose the benefit of the policy, it is said by the court that the plaintiff was lulled into a feeling of security on assurance by the defendant that the pressing club was not an extrahazardous enterprise. But it does not therein hold that an insurance company would be estopped from showing that the terms of a policy had been violated by the use of prohibited articles in the insured premises.

If the inspector of defendant insurance company failed to see the gasoline stove on the premises of plaintiff, or if, seeing it, he orally consented to the use thereof, such overlooking or oral consent cannot operate against the requirement of the policy that waiver should be indorsed on or attached to the policy. Murphy v. Royal Ins. Co., 52 La. Ann. 775, 27 South. 143; People's Bank v. Ins. Co., 130 La. 951, 58 South. 826.

No good reason or decision of this court authorizes the court to hold the above-quoted covenant or stipulation between the parties to be void. It is a plain, explicit stipulation; and it is as binding upon the insured as any stipulation of the policy. It was not waived.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that there be judgment in favor of defendant dismissing plaintiff's suit at her cost.