(85 South. 236)

No. 23988.

## DOMINICK v. DETROIT FIRE & MARINE INS. CO.

## In re DETROIT FIRE & MARINE INS. CO.

(May 31, 1920. Rehearing Denied June 30, 1920.)

*(Syllabus by Editorial Staff.)*

**1. Certiorari ☞46—Notice of intention to apply for writ to Court of Appeal properly filed with clerk of district court.**

In view of Const. art. 106, as amended (see Act No. 137 of 1906, § 4), and Acts No. 89 of 1914, § 1, making district court clerk of parish where sessions are held clerk of Court of Appeal, and designating places where sessions are to be held, notice of intention to apply for writ of certiorari to such court under Supreme Court rule 16, § 2 (67 South. xi¹), requiring such notice to be filed in clerk's office of Court of Appeal, is properly filed with clerk of court of district where cause originated, though that was not where cause was heard by Court of Appeal or finally determined, since such clerk had custody of record and was to receive notice of rehearings.

**2. Insurance ☞376(2)—Oral agreement of agent waiving vacancy clause invalid.**

Under policy forbidding waiver of provisions by agents unless indorsed on policy or added thereto, there can be no recovery by insured violating 10-day vacancy clause on showing of an oral agreement of agent that it was all right, and that he would take care of the matter; no vacancy permit being indorsed on or attached to policy.

O'Niell and Dawkins, JJ., dissenting.

Certiorari to Court of Appeal, First District.

Action by Anthony J. Dominick against the Detroit Fire & Marine Insurance Company. Judgment for plaintiff affirmed by Court of Appeal, and defendant brings certiorari. Reversed, and suit dismissed.

Smith & Carmouche, of Crowley, for applicant.

Philip S. Pugh, of Crowley, for respondent.

PROVOSTY, J. [1] Plaintiff below, defendant in writ, has moved to dismiss the present application for writ, on the ground that section 2 of rule 16 of this court (67 South. xi ¹), requiring a notice of the intention to apply for a writ of this kind to be filed in the "clerk's office of the Court of Appeal," has not been complied with.

The Court of Appeal has no other clerk than as provided in article 106 of the Constitution as amended (Act 137 of 1906), to wit:

"The clerk of the district court of the parish in which the sessions of the Courts of Appeal are held, shall serve as clerk" thereof.

Act 89, p. 204, of 1914, provides:

"That the Judges of the Court of Appeal of the First Circuit of the state of Louisiana shall hold sessions of court at Lake Charles, Crowley, Opelousas, New Iberia, Franklin, Houma, Thibodaux, Donaldsonville, Amite and Baton Rouge, and such other places as may be designated by said Court of Appeal for the sole purpose of hearing arguments and submissions of cases; that immediately after the submission of cases, the clerk of the district court, where said cases are heard and submitted, shall transmit the records in such cases, with briefs therein filed, to the clerk of the district court of East Baton Rouge where the cases thus transferred shall be finally determined by said court. Upon the rendition of judgment in such cases, the clerk of the district court of East Baton Rouge shall without delay return the records in all cases to, and notify the clerk of the district court, where such cases originated, of the judgment so rendered by the said Court of Appeal in order that the party aggrieved may, if he so desires, apply for rehearing within the delay prescribed by law. That said application for rehearing shall be filed with the clerk of the court where said causes originated, whose duty it shall be to immediately forward the same together with the records in said causes to the clerk of the court at Baton Rouge."

It will be noted from this statute that the sessions of the Court of Appeal are held in

¹ 136 La. xii.

one place for "hearing arguments and submission of cases," and in another place for finally determining the case, and that the records of the case have to be transmitted to the place where the court is sitting, and are to be returned to the court of the parish where the case originated, without delay, upon rendition of judgment; and that applications for rehearing have to be filed "with the clerk of the court where the cause originated."

In the present case, the "cause originated" in the district court of the parish of Acadia; and, in pursuance of this statute, it was argued and submitted at Opelousas, in the parish of St. Landry, and was "finally determined" in the parish of East Baton Rouge. The notice of intention to apply for writ was filed with the clerk of the district court of the parish of Acadia. The contention is that it should have been filed with clerk of the district court of East Baton Rouge.

Under the letter of said rule 16 and of said article 106 of the Constitution, the notice might have been filed with the clerk either of East Baton Rouge or St. Landry, for the clerks of the district courts of these parishes served as clerk of the Court of Appeal while that court held session in their respective parishes. But it will be noted that, under said Act 89, neither of these functionaries is the custodian of the records of the case, but that the clerk of the court in which the case originated is, and that applications for rehearing must be filed with him. The obvious reason for requiring applications for rehearing to be filed with the latter clerk is that he is the custodian of the records. For this same reason, we think his office is the proper one in which to file the notice of intention to apply for writ.

[2] Passing to the merits, we find that the suit is brought upon a policy of fire insurance containing the clauses that "this entire policy shall be void if the building herein described be or become vacant or unoccupied and so remain for ten days," and that "no officer, agent or other representative of this company shall have power to waive any provisions or conditions of this policy except such as by the terms of this policy may be subject of agreement indorsed hereon or added hereto; and as to such provisions and conditions no officer, agent or representative shall have power or be deemed and held to have waived such provision or condition unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached."

When the fire occurred the insured building had been vacant for more than 10 days, and no waiver, or permit of vacancy, had been written on, or attached to, the policy. But the insured had orally applied to the local agent of the defendant company for a vacancy permit, on meeting him in the street, and the agent had answered that it was "all right"; that he would "take care" of the matter. But beyond this promise, the agent had done nothing. The trial court gave judgment in favor of the plaintiff; and the Court of Appeal affirmed the judgment, holding that, as the agent had authority to issue permits of vacancy, his promise to issue one was equivalent to a fulfillment of the above-transcribed condition of the policy for saving the policy from avoidance.

The policy, it will be noted, expressly provides that no agent shall have the power to waive any of its conditions, or be held to have done so, "unless such waiver shall be written upon or attached hereto," and that no "privilege or permission affecting the insurance under this policy shall exist or be claimed by the insured unless so written or attached."

In People's Bank v. Nat. F. Ins. Co., 130 La. 951, 58 South. 826, where the local agent

had authority to consent to an assignment of the policy, and did orally consent, but the consent was not "written on or attached to" the policy, the court enforced the said clauses of avoidance as written, and exonerated the company. The contrary view was urged in vain upon the court, as is now being done in the present case. The court said:

"We have, however, not adopted that view, nor have many of the other courts of the country, and we find no sufficient reason for doing so."

And the court cited six decisions of this court in support of that announcement.

We have been cited to none, and find none, contra, nor even any dictum of any kind, unless it be the one in the recent case of Chapman v. Mutual Life Ins. Co., 146 La. 658, 83 South. 887, which was purely obiter, and, moreover, was made in connection with a life insurance policy, which may perhaps distinguish it.

Our brethren of the Court of Appeal drew a distinction between an express waiver and such conduct on the part of the local agent as would lull the insured into a false confidence, and thus furnish ground for estoppel. Our brethren overlooked the fact that what the agent could not do by an express consent he could not do by any conduct such as would furnish ground for an estoppel, and thereby accomplish the same result. One cannot do indirectly what one cannot do directly. Moreover, our brethren overlooked the following further condition in the policy:

"Nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached."

The insured is in this case claiming the permission or privilege of a vacancy permit, although the allowance or grant of same was not written on, or attached to, the policy.

The judgment of the Court of Appeal and that of the district court are set aside, and plaintiff's suit is dismissed, with costs in both courts.

O'NIELL and DAWKINS, JJ., dissent.

(May 31, 1920. Rehearing Denied June 30, 1920.)

