50 So.2d 688 (1951)
BOYD
v.
AMERICAN FIRE & CASUALTY CO.
No. 7613.
Court of Appeal of Louisiana, Second Circuit.
February 8, 1951.
Rehearing Denied March 2, 1951.
*689 L. Y. Barnette, Shreveport, for appellant.
Cook, Clark & Egan, Shreveport, for appellee.
KENNON, Judge.
This case is on appeal from a judgment sustaining an exception of no cause or right of action filed by defendant to plaintiff's original and supplemental petitions in which plaintiff asked payment for a truck, owned by him and insured by defendant, which was completely destroyed in a collision occurring near Lewisville, Texas.
The original policy was attached to plaintiff's petition. Defendant's contention in the District Court, and on appeal, is that coverage of plaintiff's truck was afforded only within a radius of fifty miles of the town of Minden, Louisiana. The minutes of court contain a stipulation that the collision occurred at a point more than fifty miles from Minden, Louisiana.
Plaintiff concedes that the policy of insurance contains a fifty mile radius endorsement, and that at the time of the issuance of the insurance policy, he resided at Minden, and that this city was the point of "principal garaging" of the truck within the meaning of the endorsement, but contends that this fifty mile radius endorsement constituted no bar to a statement of a cause of action in view of paragraphs three, four, five and six of the supplemental petition, which show that plaintiff and his wife moved to Lewisville, Texas some twelve days prior to the destruction of the truck; that prior to moving from Minden to Lewisville, Texas, plaintiff called at the office of defendant's agent and advised the agent of his contemplated move and was assured by this agency through their Miss Morrow that the policy would remain in force so long as his truck was operated within fifty miles of the job and of its base, and that defendant's agent received this notice of the new garaging point and agreed to and gave their consent to the move to Texas and the operation of the insured truck from the Texas base.
The policy contains the following stipulations:
"Declarations
"Item 1. Name of insured T. T. Boyd
 Address Box 910 Minden,
 Webster Parish, Louisiana

* * * * * *
"Garage: The automobile will be principally
 garaged in the above
 town, county and state, unless
 otherwise stated herein:
 No Exceptions."
"In consideration of the premium at which the Policy designated above is issued, it is warranted by the Insured that no regular or frequent trips of commercial vehicles described in such Policy are or will be made during the policy period to any location beyond a 50 mile radius from the limits of the city or town of principal garaging of such vehicles."
We agree with the principle of law, quoted in defendant's brief, which was set forth by the Supreme Court in the case of Oil Well Supply Company v. New York Life Insurance Company 214 La. 772, 38 So.2d 777, 780: "An insurance policy is a contract between the insurer and the insured, and the courts are bound to give legal effect to it according to the intent of the parties, the intent to be determined by the words of the contract when these are clear and explicit and lead to no absurd consequences. Art. 1945, R.C.C."
*690 Under the law of Louisiana, the fifty mile radius endorsement contained in plaintiff's policy, quoted above, was valid and binding upon the insured. Perrodin v. Thibodeaux, La.App., 191 So. 148; Phillips v. New Amsterdam Casualty Company, 193 La. 314, 190 So. 565.
However, in our opinion, the case turns not upon the point as to whether or not the insurer could validly limit its liability to damages occurring while the truck was being operated within fifty miles of its base point or place of principal garaging, but rather upon whether or not the insured had the right to change the base point or place of principal garaging, and if so, whether the verbal notice of change in location, as set forth in the amended petition, was binding upon the company in the face of paragraph 20 of the policy conditions, which provided as follows: "20. Changes. Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop the company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part of this policy, signed by an authorized representative of the company."
For the purpose of passing on this exception, we accept as true the facts recited in plaintiff's original and amended petitions, in which plaintiff alleged that he called at the office of the agent of the defendant and "advised the agency of the contemplated move to Lewisville, Texas." The petition further alleges that full information was given the agency regarding the contemplated change of residence and the use of the truck in hauling "within a fifty mile radius of that (Lewisville, Texas) base."
It is not unusual in this day for car and truck owners to change their place of residence and less unusual for truck operators to change the base of operations or principal garaging point of trucks used in hauling for hire. The acceptance of notice by defendant's agent, alleged in the petition, of the change in garaging point did not effect a waiver of the fifty mile radius endorsement, or make a change in the type of liability covered by the policy. Under the jurisprudence of this state, beginning with the Supreme Court case of Gitz Sash Factory, v. Union Insurance Society of Canton, 160 La. 381, 107 So. 232, and including the case of Monroe Air Park No. 1, Inc. v. American Aviation & General Insurance Company, La.App., 41 So.2d 795, when an insurance company whose agent has full knowledge of such matters as a transfer of ownership or change of address, his principal will not be permitted to equitably urge the technical defense that such information was not included in the policy or that no written endorsement covering such change had been prepared and attached to the policy prior to the loss. In the case before us, the fact that a written endorsement of the change of address was not issued and attached to the policy (as required by paragraph 20 above quoted), could equitably be charged to the neglect or indifference of defendant's agent, rather than to any want of diligence or concealment of the transfer of the place of principal garaging by the truck owner.
Defendant contends in brief that the allegations in plaintiff's petition are such as to show that "Miss Morrow was merely acting in a ministerial capacity and that any knowledge which she had would not be imputed to the defendant." The language of the petition in which plaintiff asserts that he "called at the office of the agent, Wilkins Insurance Agency, Ricou-Brewster Building in the City of Shreveport, Caddo Parish, Louisiana, and talked with a Miss Morrow and advised the agency of the contemplated move to Lewisville, Texas," is sufficient to admit proof that Miss Morrow was an agent of the company.
We agree with the statement of law from defendant's brief covered by the following citation therein from Murphy v. Royal Insurance Company, 52 La.Ann. 775, 27 So. 143, 147: "`When the policy provides, in distinct language, as occurs in most cases, that no agent shall have power to change or modify its terms or waive any of its conditions, except by distinct and specific agreement indorsed in writing thereon, the assured will be presumed to *691 have notice, after the policy has been delivered to him, that the agent has no power to make any change in the terms and conditions of the insurance, except in the manner provided, and any attempt on the part of the agent to waive by oral agreement any of the policy conditions will be a nullity.'"
However, the receipt by an agent of notice of a change of address on the part of the insured, or change of place of principal garaging of a vehicle, does not modify or change the provisions of a policy or the type and extent of coverage. The language of the Court in a later portion of the same opinion indicates that the limitation by insurance companies of the authority of their agents with reference to policy conditions refers to the extent and type of coverage, matters which are ordinarily not changed during the life of a particular insurance contract, rather than to such information type matters as change of address, change of garaging point, or even change of ownership. During the life of an insurance policy it is not unusual for changes of this sort to occur with regard to the insured object, particularly automobiles or trucks. The matter of changing an address does not change the substance of the contract and this change is in the same classification as the changes considered in the Gitz case and in the Monroe Air Park case, supra.
The courts have enforced provisions contained in policies which require written endorsement with respect to changing the terms and conditions of insurance policies insofar as these changes operate to enlarge the coverage or change the hazard involved, but the majority of the states, including Louisiana, have followed the doctrine of the Gitz case, supra, with reference to matters relating to ownership or the existence of a mortgage or change of address, holding that such conditions may be waived by the conduct of the company through its agent, notwithstanding the provision contained in the policy requiring written endorsement.
The case before us is distinguishable from that of Richard v. Springfield Fire & Marine Insurance Company, 114 La. 794, 38 So. 563, 565, 69 L.R.A. 278, cited and quoted from in defendant's brief, which held that an agent or officer of the company did not have the power by verbal contract to waive the "iron-safe clause and the three-fourths value clause, which were attached to the policy." The principle of the Richard case would be applicable had the present plaintiff's petition recited that defendant's agent had waived the provision of the policy limiting coverage to a fifty mile radius of the city of principal garaging and claimed coverage for damages resulting from an accident occurring more than fifty miles from the then existing garaging point.
Defendant cites a statement of the Court in the case of Community Stores of Louisiana v. Associated Indemnity Corporation, La.App., 144 So. 909, 910, to the effect that where the courts have refused to enforce a policy provision providing that waivers shall be invalid unless made in writing and attached to the policy, it was generally "because the waiver or change in condition of the policy related to matters that came up at the time of the confection of the contract, * * *." It is true that the waiver in the Gitz case, supra, related to a matter existing at the time of the confection of the contract. However, such is not true of the matter covered by the Monroe Air Park case, supra, and it can be conceded that the general rule is that waivers covered by the doctrine are usually changes in condition relative to matters existing at the time the policy is issued, without necessarily meaning that the doctrine cannot apply, under proper circumstances and conditions, to knowledge of or notice to the agent of changes in ownership occurring after the policy is in forceas was true in the Monroe Air Park caseor to subsequent change in address, as is true in the case before us. In our opinion, the better test is not the time that the agent has knowledge of the change, but rather whether or not the change is such as to go to the type of coverage and extent of liability, of whether the change relates to such incidental matters as the name of the owner, or, in the case of *692 movables, the address at which the insured article is kept.
For the reasons assigned, the judgment appealed from is set aside, the exception of no cause or right of action is overruled, and the case is remanded to the Twenty-Sixth Judicial District Court of Webster Parish, Louisiana for further proceedings in accordance with law. Costs of appeal to be borne by defendant; other costs to await the final outcome of the litigation.