## No. 12,891.

Monroe Building and Loan Association vs. Liverpool and London and Globe Insurance Company. In Re Liverpool and London and Globe Insurance Company Applying for Certiorari, or Writ of Review, to the Court of Appeals, Second Circuit, State of Louisiana.

The policy sufficiently identified the property of the mortgagee (named) as the property insured. And, in this respect, the claim that mortgagee's right to recover was not sustained by proof, was rejected.

On the second ground urged by relator in defence, against mortgagee's claim— *Held:* That the insured continued as party to the contract after the mortgagee was made payee of the policy, and the relation between the insurer and insured remained unchanged.

The insurer, by violating the contract, vitiated the policy.

Failure to observe substantial conditions precedent will discharge the insurer.

*Harry H. Hall* and *A. A. Gunby* for Petitioner.

*Hudson, Potts & Bernstein* for Monroe Building and Loan Association, Respondent.

Submitted on briefs July 16, 1898.
Opinion handed down November 21, 1898.

The opinion of the court was delivered by

BREAUX, J.   This was an action upon a policy of fire insurance for one thousand dollars issued in the name of the owner of the property.

The property was encumbered by a mortgage in favor of the "Monroe Building and Loan Association," and the policy was made payable as follows: "Any loss that may be ascertained and proven to be due the assured under the contract shall be payable to Monroe Building and Loan Association as its interest may appear at the time of the fire and remainder, if any, to the assured."

One of the written conditions upon which the policy was issued was that the assured "shall not make any other insurance on the property hereby insured without the consent of the company"—in case of other insurance "this policy shall be void." The insured obtained additional insurance from another company on property covered by the policy, issued by the Liverpool, London and Globe Insurance Company.

The property, while insured, was destroyed by fire.

The mortgagee, upon the insurance company's refusal to pay, brought suit against it for the amount of the policy.

The mortgagee (the Monroe Building and Loan Association) in its petition averred that its mortgage was for a larger amount than the policy; that mortgagor had, in the act, bound himself to keep the property insured in its favor, or in case of its failure it authorized mortgagee to take out the insurance to be effected, and charge the premium to the mortgagor; that the policy was the property of and had been held by it since its issuance.

The insured sets forth that when the mortgage debt was created in 1888 the mortgagee obtained a policy from the insurer, and for each subsequent year (including the year the policy sued upon was issued) "plaintiff itself, in its own interest, took out a policy from the defendant insurance company, under the terms of the mortgage policies covering the risk, the premiums upon which were charged to and paid by the insured, who had no other connection with the policy."

The averments which we have stated are substantially sustained by the record. The court, whose finding of fact we accept as true and correct until the contrary is made to appear by the weight of the testimony, sets forth in its decision: "There was some effort to show, and stress was laid upon the claim," that Ethridge (who was the insured) first applied for this policy in 1887, and that the contract sued upon "is a renewal of that policy." It seems that there never was a "formal written application," and that the policy was issued upon Ethridge's verbal request to the agent. We consider the policy as an independent, original agreement taking effect from its date without relation to "and unaffected by facts connected with prior policies."

"While it may be a renewal of previous contracts in the sense of which the term is understood by insurance men, it is to be interpreted according to the conditions." and circumstances existing at the time of its execution.

We do not infer that the facts as related to any particular year were different. From the first year to the last the mortgagee contends that the policies were issued to it, the mortgagee "in its interest," the premiums were charged to and paid by Ethridge, who "had no other connection with the policies."

The mortgagee contends: "It is not true that the policy sued upon, No. 1692, was issued and delivered to W. M. Ethridge as defendant company alleges, but was executed and delivered to plaintiff."

A question of proof arose.

We referred to the opinion and found that the contract of insurance was made by the owner, Ethridge, "who paid the premium," and the loss, if any, should occur, was to be paid to plaintiff (the Monroe Building and Loan Association), who was his mortgage debtor; the policy was obtained in fulfilment of an obligation on his part to keep the property insured in his creditor's favor, and the evidence shows that the plaintiff caused the policy to be taken.

The defences made by the insurance company against the demand "was that the plaintiff, mortgagee, had no right to sue on the policy; that it does not belong to the plaintiff."

(Quotation from the decision of the Court of Appeals.)

Upon this basis, as to facts, the court pronounced judgment in favor of the mortgagee for the amount of his claim, thereby affirming the principles upon which the District Court based its judgment.

The rule is universal: a policy, conditional to be vitiated and made void, in case of additional insurance in another company without notice is vitiated and made null by a breach of the condition.

The legal propostion is not here disputed.

This question is whether it was "other insurance of the same interest."

The mortgagee claims that it was its interest which was insured and not the interest of the owner.

The clause directing to whom the policy was to be paid in case of loss is not materially different from the usual clauses in such cases. The fact that there was no special reference in the clause to a mortgage held by the creditor is not of itself valid ground for defence.

A general creditor has no insurable interest in the property of his debtor. Insurance companies insure the interest held by creditor in the property insured. Woods on Insurance, Vol. 1, p. 688; Ross vs. Insurance Co. 27 An. 409.

We would not be justified in assuming, that the insurance company had not insured the property with reference to the mortgage, but that it was the insurance of a mere general creditor. In was an insurance *in presenti.* The contract, as to the mortgage, went into effect from its date. The words of the clause: "this contract shall be payable to Monroe Building and Loan Association as its interest may appear to the time of the fire, refers to an actual interest insured at the date of the policy." It was on that day, that the insurance company bound itself to pay any loss by fire to the property.

The first ground above urged by the relator, the Liverpool & London & Globe Insurance, is in our view not tenable.

We take up for review the second ground urged.

The loss being payable to the mortgagee, is he entitled to receive the amount of the policy?

The endorsement on the policy being: "loss payable to the mortagee" secures to the mortgagee, while his mortgage is extant, the right of recovering any amount which may become due by the insurance company in which the insurance was effected upon that condition.

The question arises, in the light of the stipulations which remained in the policy, is the insurer any longer a party to the contract?

In our view he still continues, as one in interest, and the stipula-

tion that he was not to reinsure remained in force. Any failure on his part to perform that which he bound himself in the contract of insurance discharges the company. He, the insured, Ethridge, was left in a situation in which it was possible for him to avoid the contract. The fact, that the loss, if any, was made payable to the mortgagee, did not have the effect of cancelling the conditions precedent to recovery.

Reliance was placed at bar upon the case of Cannon vs. Insurance Company, 49 An. 1367, 1276.

The case is not similar in that in that case the court held that the mortgagee, of his own motion, had taken out insurance in name of mortgagor, or owner of the property, without the authorization of the latter, and that it was in effect insurance by mortgagee of his interest for his account.

In the case before us for decision the insurance was taken out by the owner in his own name, and he remained a party to the contract.

We have carefully read each of the authorities to which our attention was called by counsel for respondents. They do not, in our judgment, sustain respondent's views.

It is therefore ordered, adjudged and decreed that the judgment rendered by the District Court in favor of the Monroe Building and Loan Association in said case; also the judgment of the Court of Appeals, affirming the judgment of the District Court and condemning the Liverpool and London and Globe Insurance Company to pay one thousand dollars and costs, be annulled, avoided and reversed.

It is further ordered, adjudged and decreed that the demand of the demand of the plaintiff be and is hereby rejected at its costs in all courts.