BRUNOT, J.
This is a suit for recovery under a contract of insurance made by the Marine & Motor Insurance Company of America, insuring five motor vehicles against loss by fire.
The vehicles were the property of Overby' & Wilkins, a partnership, composed of J. D. Overby and A. C. Wilkins.
The owners placed a chattel' mortgage on the property to secure an indebtedness of $4,250, represented by three mortgage notes.
The Investors’ Mortgage Company purchased the notes, and thereafter applied for and obtained a policy of insurance, insuring the property in the name of Overby & Wilkins, the owners, for $5,000. Subsequent thereto, and during the life of this policy, Overby, without the knowledge of the Investors’ Mortgage Company, or of the Marine & Motor Insurance Company, secured other insurance on the property from the Royal Insurance Company.
The policy sued upon contains the usual warranties, and under the subhead thereof entitled “Incumbrances” the following writing appears:
“The automobile described is fully paid by the assured, and is not mortgaged, or otherwise incumbered, except as follows: 2 notes $1,500.00, 1 note $1,250.00. Loss payable to Investors’ Mortgage Company or holder or holders of mortgage notes.”
Four of the insured vehicles were destroyed by fire. Plaintiff gave timely and proper notice thereof to the insurance company; it made the required proof of loss; and it demanded payment. Payment was refused, and this suit was filed.
In the original petition the sum claimed as due the plaintiff is $3,750, with the statutory 12 per cent, penalty and $750 attorneys’ fees, with legal interest on the principal sum and the attorneys’ fees.
The petition was filed November 22, 1920, and the answer on November 29Í 1920. On November 4, 1921, the_ case was submitted on an agreed statement of fact, and the argument was fixed for November 14, 1921. The case was reset for argument several times, but was finally argued and submitted and taken under advisement on July 7, 1922. On the 12th day of July, 1922, the plaintiff, with leave of court, filed a supplemental and amended petition, praying to, be permitted to amend the original petition by increasing the principal amount originally sued for to $4,250. No'answer was filed to the supplemental and amended petition, and no default was taken, but, on July 25, 1922, the lower court rendered judgment in favor of the plaintiff for the full amount alleged to be due in the supplemental and amended petition, filed after the case had been taken under advisement and prior to any hearing thereon. The court also rendered judgment for' the statutory penalties, attorneys’ fees, and interest as prayed for in both the original and supplemental petition.
From this judgment the defendant has appealed.
Two defenses are urged, viz.: That the policy of insurance sued upon does not contain a loss payable clause; and, that the policy' was voided by other insurance.
Defendant "also alleges the nullity of the judgment to the extent of $750, this being the sum by which the supplemental and amended petition increased the amount that plaintiff, in its original petition, alleged to bo due.
Opinion.
[1] The first defense urged is untenable. Defendant contends that there is no loss payable clause in the policy; that such a clause, to be effective and binding upon the insurer. *632 must appear in the face of the policy; that in the policy sued upon the loss payable clause appears in the policy as a warranty under the subhead “Incumbrances,” and the written words purporting to' be a loss payable clause when thus placed are merely descriptive of the owner’s obligation to pay the plaintiff or any future holder or holders of the mortgage notes out of the insurance in case of loss.
The transcript shows that the negotiations for the policy were initiated by the plaintiff, and that the loss payable clause was written in the policy for the purpose of protecting its interest in the property as /the holder and owner of the mortgage notes; that the insurer, with knowledge of these facts, issued the policy sued upon with the loss payable clause inserted therein as stated. Under these circumstances it is immaterial whether the loss payable clause appears in the face of the policy, or under the head of warranties, or whether it is attached to the policy as a rider.
The second defense urged is substantial. Under the head ,of “Exclusions” the policy contains the following clause;
“It is a condition of this policy that' this company shall not be liable for loss or damage, * * * if at the time a loss occurs there be any other insurance, covering against the risk assumed by this policy, which would attach, if this insurance had not been effected.”
[2] The mortgagee has an insurable interest in the property of the mortgagor. This interest is recognized by a long and well established line of decisions, as being an entirely separate and distinct insurable interest from that of the mortgagor or grant- or, to the extent of the debt secured, regardless of any other security that the mortgagee may hold; but under these authorities it .must appear that the mortgagee’s separate and distinct insurable interest, as mortgagee, was covered by the policy of insurance. It will not suffice to say that the policy contains a loss payable- clause stipulating that loss, if any, is payable £o the mortgagee or to the holder or holders 'of the mortgage notes, for the reason that, if the property is insured in the name of the owner, and there 'is no stipulation or clause in the contract which insures an interest other than that of the owner, the contract of insurance is between the insurer and the owner of the property, and the continuance in force or the avoidance of the contract is subject to the will or act of the owner alone.
The plaintiff contends that the policy sued upon in the case at bar covers its interest as the holder and owner of the mortgage notes, for the reason that plaintiff applied for the insurance, paid the premium, and held the policy. The evidence shows that the brokers of the Investors’ Mortgage Company tendered the insurance to the Marine & Motor Insurance Company through its brokers; that the Investors’ Mortgage Company paid the premium for the insurance to the Marine & Motor Insurance Company; and that- the policy was delivered to the Investors’ Mortgage Company and wvas held by it. The evidence also shows that the Investors’ Mortgage Company charged a commission for making the loan, exacted the procureinent of insurance by the mortgagor, and collected from -the mortgagor the amount of the premium it had paid for the insurance. Under this, state of facts it seems clear that the Investors’ Mortgage Company was acting as the agent of the mortgagor in the confection of the policy.
It is a rule of universal application that, in the absence of fraud or error, parol testimony is not admissible to alter or vary the terms of a written contract, and, as the petition in this case does not charge either fraud or error, the court can only look to the policy itself to asceriain the reciprocal relations and obligations of the parties to the contract. In the case at bar the face of the policy *634 shows that Overby & Wilkins were the insured. It was their interest in the property which was covered by the- policy. The loss payable clause therein merely secures plaintiff’s right as the holder of the mortgage notes to recover the sum of the notes out of any amount, if any' which may be due the insured by the insurer as'the result of loss by fire. It is apparent that mortgagee is not a party to the contract of insurance, and, ■whatever may be its rights as the holder of. the mortgage notes under the loss payable clause in the policy, its rights cannot affect the contractual obligations of the insurer and the insured.
The transcript shows that during the life of the policy sued upon and without the knowledge of the Marine & Motor Insurance Company, or of the Investors’ Mortgage Company, one of the partners secured for Overby & Wilkins another policy insuring other property belonging to the insured, together with the property covered by the policy in the Marine & Motor Insurance Company. The second policy was written by the Royal Insurance Company, and, after the loss of the property by fire, although the second policy also contained a clause voiding the policy for double insurance, the Royal Insurance Company adjusted the loss under its policy, and settled with the assured on the basis of its adjustment. The fact that the Royal Insurance Company waived its rights under its policy and satisfactorily adjusted and settled the loss under it cannot affect the rights of defendant.
In order to constitute double insurance, whereby a contract of insurance is invalidated under a clause in the policy forbidding other insurance upon the subject-matter of the contract, the insurable interest of the policy in question and that of the contract claimed to avoid it under the clause referred to must be identical. California Ins. Co. v. Union Compress Co., 133 U. S. 387, 10 Sup. Ct. 365, 33 L. Ed. 730.
If plaintiff takes a policy which contains the condition that it shall be void in case of any other insurance, and without notice to the insurance company he procures a policy from another company, the taking out of the second policy will render the first policy void. Robinson v. Phila. F. Assn., 63 Mich. 90, 29 N. W. 521.
A policy valid on its face, to avoid which proof of extrinsic facts are necessary, if accepted by assured, constitutes other insurance. Am. Ins. Co. v. Replogle, 114 Ind. 1, 15 N. E. 810; Lackey v. Georgia Home Ins. Co., 42 Ga. 456.
The cases of Williams & Co. v. Mutual Insurance Co., 15 La. Ann. 651; Roos & Co. v. Merchants’ Mutual Insurance Co. of N. O., 27 La. Ann. 409; and Cannon v. Home Insurance Co., 49 La. Ann. 1367, 1371, 1372, 22 South. 387, upon which plaintiff relies, do not apply to the case at bar. In the Williams Case the consignor effected insurance on the freight in transit, and the consignee who accepted a draft against the freight effected insurance on the freight at destination. In the Roos Case the two policies of insurance were written to cover the insurable interest of two different parties. In the Cannon Case the mortgagees, without the knowledge or consent of the owner, took out a policy in the name of the owner, but paid the premium and made the loss, if any, payable to themselves. The court held in that ease that “the use of plaintiff’s name did not make the interest thereby insured his. It was none the less the interest of the mortgagees that was thus covered.” In that case the court say:
“What amounts to ‘other insurance’ is stated by May on Insurance (section 365), to be additional and valid insurance, prior or subsequent, upon the same subject, risk, and interest, effected by the same insured, or for his benefit, or with his knowledge or consent.
*636 “Neither identity of name or identity of property is decisive upon the question. In order to amount to other insurance, the interests covered by the poEcies must be identical. Wood, Ins. §§ 377, 374. Insurance by a mortgagor and also by a mortgagee, for their individual benefit, is not ‘other insurance.’ ”
The case at bar comes within the ruling of Monroe Building & Loan Association v. London & Liverpool & Globe Insurance Company, 50 La. Ann. 1243, 24 South. 238. In that case the court say:
“The loss being payable to the mortgagee, is he entitled to receive the amount of the policy? The indorsement on the policy being, ‘loss payable to the mortgagee’ secures to the mortgagee, while his mortgage is extant, the right of recovering any amount which may become due by the insurance company in which the insurance was effected upon that condition.
“The question arises, in the light of the stipulations which remained in the policy, is the insurer any longer a party to the contract?
“In our view he stiH continues, as one in interest, and the stipulation that he was not to reinsure remained in force. Any failure on his part to perform that which he bound himself in the contract of insurance discharges the company.
“He, the insured, Ethridge, was left in a situation in which it was possible for him to avoid the contract. The fact, that the loss, if any, was made payable to the mortgagee, did not have the effect of canceling the conditions precedent to recovery.”
It would be difficult, in the application of the principle announced therein, to differentiate between the Monroe Building & Loan Association Case and the case we are now considering. There is, however, this difference of fact. In the case cited both policies were taken out by the owner himself. In the case we are considering the first policy was taken out by the mortgagee, in the name of the owner, and at the cost of the owner, and the second policy was taken out by the owner himself.
In our opinion the ruling in Monroe Building & Loan Association v. London & Liverpool & Globe Insurance Co., 50 La. Ann. 1243, 24 South. 238, is decisive of the issues presented in this case. This conclusion disposes of the case, and therefore no purpose ean be served by considering defendant’s complaint that the lower court erred in considering the plaintiff’s supplemental and amended petition.
Eor these reasons the judgment of the lower court is reversed, and plaintiff’s suit is dismissed. Appellee to pay costs.
LAND, ROGERS, and OVERTON, JJ., dissent.