(167 So. 232)

No. 25432.

## GITZ SASH FACTORY, Inc., v. UNION INS. SOC. OF CANTON, Ltd.

(Jan. 4, 1926. Rehearing Denied Feb. 1, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Insurance ☞95—Knowledge of insurance agency and its agent imputed to insurance company.**

   Knowledge of agent of insurance agency that property insured is mortgage will be considered in law as knowledge of agency and of insurance company.

2. **Insurance ☞87, 373(1)—Acts of officers or agents of insurance company within scope of or apparent scope of their powers are binding on company; company may be estopped by officers' conduct and declarations.**

   Acts of officers and agents of insurance company within apparent scope of their powers are binding on company, and it may be estopped by their conduct and declarations.

3. **Insurance ☞383—Waiver of condition of policy may be proved by parol.**

   Conduct and declarations of officers and agents of insurance company, such as will estop company from denying liability under policy, may be proved by parol, notwithstanding requirements that waiver of condition shall be evidenced in writing.

4. **Insurance ☞389(3.)—Insurance company held estopped from denying liability under policy.**

   Where insurance agent insured property with knowledge that it was covered by chattel mortgage, and verbally promised insured that company would not insist upon provision that policy would be void if property was mortgaged, *held*, that insurance company issuing policy and accepting premiums was estopped from denying liability under policy though it provided that conditions thereof could be waived only by writing attached to policy.

O'Niell, C. J., dissenting.

Appeal from Civil District Court, Parish of Orleans; Wynne G. Rogers, Judge.

Action by the Gitz Sash Factory, Inc., against the Union Insurance Society of Canton, Limited. From a judgment for defendant, plaintiff appeals. Reversed and rendered.

John J. Reilley, of New Orleans, for appellant.

Spencer, Gidiere, Phelps & Dunbar, of New Orleans, for appellee.

LAND, J. On November 10, 1920, plaintiff insured its machinery and office furniture and fixtures in defendant company for the amount of $5,700 for the term of one year, and paid to defendant company its premium in the sum of $96.90.

On April 23, 1921, plaintiff's place of business was destroyed by fire, as well as all of the property covered by the policy issued by defendant company. After notification by plaintiff to defendant company of the fire and of the loss sustained as a result thereof, defendant company refused to pay said loss, for the reason that, at the time of the happening of the fire, the property described in the policy was incumbered by a chattel mortgage, in violation of a clause contained in the policy. Plaintiff then instituted the present suit on the policy, alleging its compliance with all of the provisions of the same; and averring that the action of defendant company in refusing to pay the loss on the grounds stated would amount to a fraud upon plaintiff's rights, if said defense should prevail, for the reason that defendant company had full knowledge of the existence of said chattel mortgage at the time that the policy issued, and its conduct and action were such as to honestly lead plaintiff to believe that it would not insist upon a forfeiture because of the existence of the chattel mortgage.

Plaintiff charges in its petition that the conduct and action of defendant company in reference to the chattel mortgage condition in the policy operated as a waiver by said company of said condition, and that said company is now estopped from urging, as a defense to this suit, that provision of the pol-

160 LOUISIANA REPORTS

icy, and demanding the forfeiture of the policy.

Defendant insurance company filed an exception of no right or cause of action to plaintiff's petition, which was referred to the merits by the trial judge, and pleaded in its answer that the policy sued upon had been breached, avoided, and annulled by the following clauses contained in the policy issued, to wit:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void * * * *if the subject of insurance be personal property and be or become encumbered by a chattel mortgage.*

"This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements or conditions as may be indorsed hereon or added hereto, and no officer, agent or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement indorsed hereon, or added hereto, and as to such provisions and conditions *no officer, agent or respresentative shall have such power, or be deemed or held to have waived such provisions, unless such waiver, if any, shall be written upon or attached hereto,* nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached."

The demand of plaintiff was rejected by the court below, and plaintiff has appealed.

1. Objection was made by defendant insurance company to the parol testimony offered by plaintiff to prove knowledge upon the part of the local agent of said company of the existence of the chattel mortgage upon this property at the time the policy issued. This objection is based upon the ground that the avoidance of a policy of insurance by a chattel mortgage on the property insured cannot be waived, under the terms of the policy, except in writing, added to or indorsed on the policy.

The testimony was admitted, however, by the trial judge, as going to the effect, and not to the admissibility, of the evidence.

It is to be observed in this connection that the policy in dispute was issued by James A. Ross, the duly authorized agent in New Orleans of defendant, the Union Insurance Company of Canton, Limited.

This policy is countersigned by F. J. Hauler, as the agent of James A. Ross. Hauler admits in his testimony in the case that he was at the time the assistant manager of the fire department in the local agency of James A. Ross. While Hauler denies that he had any knowledge as to the existence of a chattel mortgage on the property at the time it was insured, yet the testimony of both G. A. Gitz and of D. B. North, the manager of the fire insurance department of James A. Ross, clearly proves that Hauler was notified of the existence of this mortgage by Gitz, in the presence of North, before the policy issued. The testimony of these two witnesses further shows that Hauler promised Gitz to place the insurance with defendant company, notwithstanding the existence of the chattel mortgage on the property to be insured.

[1] As the James A. Ross agency issued the policy in this case, the notice to its agents, North and Hauler, of the existence of the chattel mortgage on plaintiff's property, must be considered in law as knowledge to that effect upon the part of the James A. Ross agency, and knowledge, therefore, upon the part of defendant company as to the incumbrance existing upon this property prior to the issuance of the policy in question.

It appears therefore that, notwithstanding its knowledge of the existence of the chattel mortgage on the property of plaintiff, defendant company did promise, through its duly authorized local agent, James A. Ross, to insure the property; that said company did actually issue the policy on same through its agent, and did accept the premium, notwithstanding the clause in the pol-

icy declaring such insurance to be void from its inception.

Mr. Joyce, in his Law of Insurance (2d Ed. vol. 2, p. 1392), states the law applicable to this state of facts as follows:

"So knowledge of the agent at the issuance of the policy that the property was encumbered, and the premium was accepted, obligates the insurer, even though no written consent is indorsed on the policy, as provided therein, and the company is likewise estopped to insist upon the forfeiture clause in case of encumbrances where its agent, with power to make and deliver policies, has notice of existing encumbrances and of an intent to further encumber the property and agrees to note the fact on the application, although no indorsement thereof is made upon the policy."

The same author, in his Law of Insurance (section 440), says:

"Notwithstanding provisions of this type (to the effect that the conditions of the policy could be waived only by written indorsement), an overwhelming majority of the state courts have continued to apply the rule that an insurance company cannot set up that a policy issued by its agent with knowledge of the facts was void, when it was issued by reason of facts which he well knew. Including our own court, the courts of some twenty-seven states at least have, upon one ground or another, adhered to this doctrine in the face of these provisions as to waiver."

See, also, 14 Ruling Case Law, p. 166; Cooley, Briefs on the Law of Insurance, vol. 7, p. 929.

In section 439 of his work on the Law of Insurance, Mr. Joyce also states:

"The tendency of the weight of authority at the present day is against making restrictions in the policy upon an agent's authority conclusive upon the assured and that the company, or any agent with general or unlimited power, clothed with an actual or apparent authorization, may either orally, or in writing, waive any written or printed condition in the policy, even though the policy provides that a distinct specific agreement shall be indorsed thereon."

160 LA.—13

The weight of authority is also to the effect that an insurance company, as a corporation, being able to act only through officers and agents, their acts within the scope, or apparent scope, of their powers, are binding on it, that it may be estopped by their conduct and declarations and such estoppel may be proved by parol, notwithstanding the requirements that a waiver shall be evidenced in writing. 32 C. J. p. 1320.

[2, 3] The decisions of the Supreme Court of this state are in line with the jurisprudence of a majority of the states of the Union, as to the application of the doctrine of waiver by the conduct and declarations of insurance companies, and as to the proof of estoppel by parol, notwithstanding the provisions contained in the policy requiring written evidence as to waiver. Corporation of Roman Catholic Church v. Royal Ins. Co., 158 La. 602, 104 So. 383; Brodie v. Atlas Assurance Co., 158 La. 695, 104 So. 620; Gaudet v. North River Ins. Co., 156 La. 719, 101 So. 118; Investors Mortgage Co. v. Marine & Motor Ins. Co., 155 La. 627, 99 So. 486 (on rehearing); Bank v. Manhattan Ins. Co., 52 La. Ann. 46, 48, 26 So. 800.

[4] For the reasons assigned, we are of the opinion that the plea of estoppel should have been maintained in the court below, and that judgment should have been rendered for plaintiff.

It is therefore ordered that the judgment appealed from be annulled and reversed. It is now ordered that there be judgment in favor of plaintiff, Gitz Sash Factory, Inc., and against defendant, Union Insurance Society of Canton, Ltd., in the full sum of $5,700, with legal interest thereon from date of judicial demand until paid, and all costs of suit.

O'NIELL, C. J., dissents.
ROGERS, J., recused.