606

ROSE et al. v. UNITED AMERICAN INS. CO.
OF PENNSYLVANIA et al.

Circuit Court of Appeals, Fifth Circuit.
May 10, 1929.

No. 5300.

Paul W. Maloney, of New Orleans, La.,
for appellants.

Nicholas Callan, of New Orleans, La.
(Monroe & Lemann and Nicholas Callan, all
of New Orleans, La., on the brief), for ap-
pellees.

Before BRYAN and FOSTER, Circuit
Judges, and DAWKINS, District Judge.

DAWKINS, District Judge. Plaintiff ap-
peals from a judgment sustaining an excep-
tion of no cause of action and dismissing her
suit. Her demand was made on an insurance
policy, which upon its face was in favor of
the Freed Realty Company, Inc., dated Octo-
ber 29, 1923. The petition admits there was
no assignment indorsed upon the policy by
the realty company nor was there any formal
transfer made by the defendant. However,
she makes the following allegations:

3. "That she acquired the ownership of
the said property on December 22, 1923,
from the Freed Realty Company and, while
there was no formal assignment of owner-
ship on the reverse of the said policy, it is a
fact that the said company took cognizance
thereof and consented thereto, through its
duly authorized agent in this city, A. C.
Vreeland, Inc., having full power so to do,
as will appear from the bill for the premiums
thereon, dated Jan. 25th, 1924, which is made
a part hereof with the said policy, which is
also made a part hereof, the said premiums
being paid by her to the said company."

4. "That while the said policy was in full
force and effect, a fire occurred in the said
property and it was destroyed on March 8,
1925, and the said United American Insur-
ance Company of Pennsylvania, became lia-
ble for the full amount of the said policy in
favor of petitioners herein."

5. "That the said defendant company did
not furnish to petitioners proofs of loss,
whatever, so that it was not incumbent under
the law upon petitioners to make any such
proof and that the said defendant company
has, without any reason, refused to pay the
said loss to petitioners in the full amount
thereof, and under the law, the said com-
pany had become liable to petitioners in the
further sum of 12% as a liquidated penalty,
on the said $12,000, together with the fur-
ther sum of reasonable attorneys fees in the
amount of $1,200, the aggregate sums of
which should be paid by the defendant to
petitioners and for which judgment should
be rendered, herein, as prayed for."

9. "Petitioners further represent that the
Freed Realty Company, the owner of said
property at the time of the issuance of the
said policy, has, on the contrary, no interest
in the recovery herein except as the assignor
of the said policy or its rights thereunder,
which it made at the time of its sale of the
property and which was done with the con-
sent and assent of the said defendant insur-
ance, herein, the United American Insurance
Company of Pennsylvania, as has been here-
tofore set out, which has continuously treat-
ed the said Mrs. Marie Rose Sage as the own-
er of the said policy and the person entitled
to any loss, thereunder."

The bill attached to and made a part of
the record is as follows:

"New Orleans, La. Jan. 25, 1924.
"Mrs. Marie R. Rose.

"A. C. Vreeland, Inc.
"1003 Maison-Blanche Bldg.
"Phone Main 2519.

| Date. | Policy No. | Company. | Coverage. | Premium. |
|---|---|---|---|---|
| Dec. 24th | 72513 | United American | Prorata premium | $62.63 |

"Property located #4117–4119 Perrier St.
"Kindly mail check.
"Make all checks payable to A. C. Vree-
land, Inc."

From the above it appears that the bill covering charges for the insurance was rendered on January 25, 1924, after, as petitioner alleges, she had acquired the property on December 22, 1923, by the same agency which signed the original policy on behalf of the defendant company, and was paid by plaintiff. This was more than a year before the fire, and presumably the agent remitted to the company its share of the premium, which according to the petition it still holds. Petitioner during this long period was no doubt led to believe that her property was protected, for she had paid for that protection the premium demanded by the company to the agent who was authorized to receive it and empowered to issue the formal papers necessary to effect an assignment. In view of these circumstances, we do not think it can be said as a matter of law that the petition and exhibits, the allegations and recitals of which of course are taken as true, do not state a cause of action. See Gitz Sash Factory v. Union Ins. Soc. of Canton, Ltd., 160 La. 381, 107 So. 232, and authorities cited therein. We think the case should be heard upon its merits.

For the reasons assigned the judgment appealed from is reversed, and the case remanded to be proceeded with according to law.