No. 776

First Circuit

KINCHEN v. ROYAL EXCHANGE ASSURANCE OF LONDON, ENGLAND

(May 5, 1931. Opinion and Decree.)

(See Kinchen v. Royal Exchange Assurance et al., 12 La. App. 8, 124 So. 844; Kinchen v. Royal Exchange Assurance et al., 15 La. App. 301, 131 So. 201.)

R. W. Walker, of Baton Rouge, attorney for plaintiff, appellant.

Hawthorn, Stafford & Pitts, of Alexandria, attorneys for defendant, appellee.

LeBLANC, J. Plaintiff had insured his household furniture against loss by fire with the defendant insurance company to the amount of $800. On July 3, 1926, during the life of the policy under which it was insured, it was totally lost in a fire which destroyed his dwelling house in which it was contained. Upon the defendant's refusal to pay the amount of insurance, he brought suit to collect the full value, plus 12 per cent statutory damages and $100 for attorney's fees.

In his petition, plaintiff alleges that a portion of the furniture in his house at the time of the fire had been purchased from the Globe Furniture Company on credit, and that that company held a chattel mortgage on the same to secure the part of the purchase price still due, which chattel mortgage was duly recorded in the chattel mortgage records of the parish of East Baton Rouge. He makes a further allegation, which, although not so worded exactly, we take to mean that he informed the agent of the defendant company at the time the policy was issued of the existence of the chattel mortgage.

The policy, which is of the standard form, provides for its forfeiture, if the subject of insurance be personal property, "and be or become incumbered by a chattel mortgage." In view of the plaintiff's allegation, which was virtually a judicial admission that his furniture was mortgaged in violation, of the provisions of the policy, defendant filed an exception of no right or cause of action which was not passed on by the lower court, but was referred to the merits. On trial on the merits, judgment was rendered in favor of the defendant, rejecting the plaintiff's demand at his costs, and he has appealed.

Defendant urges the exception of no right or cause of action again before this court, and contends that plaintiff's allegation of knowledge of the existence of the chattel mortgage on the part of its agent is not sufficient to strip of its effect that further provision in the policy which limits the power and authority of the agents in the matter of waivers and requires that any change in the provisions or conditions of the contract be written upon, or attached to, the policy.

The last provision referred to has been frequently the subject of litigation before the Supreme Court, and invariably it has been given its full effect, unless the facts and circumstances alleged, and usually strong ones, warranted its disregard. In the recent case of Gitz Sash Factory v. Union Insurance Society, however, reported in 160 La. 381, 107 So. 232, 233, in a majority opinion, the Supreme Court, following what is stated to be the weight of authority, held that:

"An insurance company, as a corporation, being able to act only through officers and agents, their acts within the scope, or apparent scope, of their powers, are binding on it, that it may be estopped by their conduct and declarations and as such estoppel may be proved by parol, notwithstanding the requirements that a waiver shall be evidenced in writing."

Later, in Shuff v. Life & Casualty Insurance Co., 164 La. 741, 114 So. 637, 640,

in commenting on the Gitz Sash Factory decision, the court said that:

"The ruling in that case, by a majority of the members of the court, was founded, in some measure at least, upon the fact that the agent who wrote the policy was a general agent of the company, and upon the assumption, therefore, that he had authority to bind the company by a verbal waiver of a condition in the policy. * * *"

The allegation which is meant to impute knowledge in this case does not inform whether the agent mentioned was a general or local agent, and for that reason, in view of the authorities cited, it may be proper to let the ruling of the lower court on the exception of no right or cause of action stand as it is and decide the case, as was done by it, on the merits.

From an affidavit introduced in evidence, it appears that the general agent in Louisiana for the defendant company is the firm of Trezevant & Cochran of Dallas, Tex., and therefore we take it that the firm of Paine & Bourgeois of Baton Rouge, La., through which the policy sued on was issued, is only a local agent. The information concerning the chattel mortgage bearing against the property insured in this case is alleged to have been given by the plaintiff to Mr. Bourgeois of this firm of local agents, and if, under the rulings referred to, it is only the general agent who can be assumed to have authority to bind his company by a verbal waiver of a clause in the policy, it would seem that the plaintiff here cannot recover. But it is not necessary to have to rely on any distinction or classification of agents in this case to rest our decision, as we are satisfied that the plaintiff has failed to show knowledge on the part even of the local agent of the existence of the chattel mortgage. His is the only testimony on this point in the record. He says that he told Mr. Bourgeois that there was a mortgage on the furniture, and that Bourgeois answered that it was all right, adding further: "If we insured only those that had their furniture paid for, we would do little insurance business." There is not another fact or circumstance to support this testimony. Bourgeois, on the other hand, denies positively that any conversation as related by the plaintiff took place between them. He says that the question of there being a mortgage on the furniture never arose at that time, and that the first information he had of any mortgage was after the fire, when Mr. Stevenson, the credit man of the Globe Furniture Company, told him and Mr. Strickland, an insurance claim adjuster, about it. He says further that his agency is prohibited from writing insurance on furniture under chattel mortgage, and that, if he had consented to write it under the conditions stated, he would have had to make the proper indorsement on the face of policy. "As a rule," he adds, "when that reaches the home office, they immediately wire cancellation."

Once parol testimony is admitted, the burden of proving a waiver of one of the clauses in a contract of insurance is on the one who alleges the waiver and relies on it to recover. He must show with some degree of certainty at least that the insurance company consented, through its officers or agents, to the waiver, or that it is estopped by some act on its part from claiming that it did not so consent. The proof on the part of the plaintiff in this case is totally lacking in that respect, and conequently he has to be denied recovery.

The judgment of the lower court rejecting his demand was correct, and it is accordingly affirmed.