KENNON, Judge.
Alleging that it was the authorized agent of Ben Nears, Jr., whose automobile had been totally destroyed when the occurrence of a flat tire precipitated the machine into a ditch and that the defendant company had issued a policy of collision insurance covering the Nears machine, plaintiff filed this suit for $650, being the value of the automobile insured by defendant less $100 deductible for each collision.
The District Court sustained an exception of no cause or right of action under a provision of the policy excluding coverage in the event the insured automobile was subject to any mortgage, etc., “not specifically declared and described in the policy.” Plaintiff has appealed.
As a basis of our discussion we quote below paragraphs seven and eight of plaintiff’s petition:
“7. Shows that the automobile insured under the above policy of insurance was purchased by Ben Nears, Jr., on or about the 17th day of May, 1948, from G. C. Dykes, a resident of Bossier Parish, Louisiana, and that as part of the consideration of the sale Ben Nears, Jr. gave his promissory note in the amount of $692.16, payable to the order of the vendor, which note was thereupon endorsed for value to petitioner herein, Pacific Finance Company, Inc., which said note was secured by a chattel mortgage on the automobile. Showing that one Isaac Clarkson had affixed his signature to the note as an accommodation indorser.
*379 “8. Petitioner shows that at the request of Ben Nears, Jr., the same having been made a condition precedent to the financing of the purchase of the automobile, your petitioner contacted the defendant company through its authorized agent, and secured the issuance of the above policy of insurance, at which time your petitioner made a complete disclosure- of the facts concerning the purchase and financing of the automobile.”
For the purpose of passing on the exception of no cause or right of action, statements contained in a petition are accepted as true. The first paragraph above quoted sets forth that the owner had executed a note secured by chattel mortgage on the automobile insured by the defendant -and that the plaintiff finance company secured the issuance of the policy of insurance after making a “complete disclosure” of the existence of the mortgage, etc., to the “authorized agent” of the defendant insurance company.
The policy contains a proviso excluding coverage “where the automobile is subject to any * * * mortgage * * * not specifically declared and described in this policy.” The existence of plaintiffs mortgage note was not- described in the policy and we are therefore called upon to decide whether the fact that defendant’s agent had full knowledge of the existence of the chattel mortgage at the time he received the application for the collision policy and at the time the policy was issued by him as agent for his company, constituted a waiver of -the above quoted printed condition in the policy.
The case of Gitz Sash Factory, Inc., v. Union Insurance Society of Canton, Ltd., 160 La. 381, 107 So. 232, is directly in point. The Louisiana Supreme Court in that case, 160 La. at page 385, 107 So. at page 233, quoted with approval the following : “ ‘So knowledge of the agent at the issuance of the policy that the property was encumbered, and the premium was accepted, obligates the insurer, even though no written consent is indorsed on the policy, as provided therein, * * *.’ ”
This holding was followed in the case of Willhite v. Hartford Fire Insurance Co., 8 La.App. 538. Further authority on the point that the conduct and declarations-of an agent of: an insurance company may constitute a waiver, notwithstanding provision in -the policy requiring that waivers be in writing, etc., is found in the case of Monroe Air Park No. 1, Inc. v. American Aviation & General Insurance Co., La.App., 41 So.2d 795.
Defendant, while citing no Louisiana authorities, has cited the case of C. E. Carnes v. Employers’ Liability Assurance Corporation, 5 Cir., 101 F.2d 739, 742. Since the general rule is that the Federal Courts, in cases arising out of -the several states, follow the jurisprudence as established by the Supreme Court in the state involved, it is not necessary that we decide whether there is a conflict between the Federal, Carnes, case and- .the Gitz Sash (Louisiana Supreme Court) case. However, a reading of the extract in defendant’s brief indicates that the cases are distinguishable inasmuch as the Court held in the Carnes case that the knowledge of the agent that the insured was hauling butane gas on the truck insured was not sufficient to , bind his principal in the face of the policy provision that such risk was not covered. There the Federal Court noted that the doctrine of waiver cannot be invoked to bring “within the coverage of the policy risks not included or contemplated by its terms.” (Italics ours.)
As another example of the, principle of the Carnes case, that the doctrine of waiver cannot be invoked to extend coverage, an agent might, in issuing and collecting a premium on a fire and theft policy, erroneously make the statement that the policy would also cover collision or windstorm damage. In such case, if no such liability was assumed under the policy provisions, the doctrine of waiver could not successfully be invoked.
In the District Court; defendant made the further contention that plaintiff was without right to bring this suit and stand in judgment under its power of attorney from the owner of the automobile. *380 Since no mention of this issue was made by-defendant’s attorney in brief or argument, we consider that defendant..has'abandoned its appeal from the judgment of the District Court against it on that point.
■ The judgment appealed from is reversed and the case is remanded to-the District Court for further proceedings consistent with this opinion. Costs of appeal to he borne by defendant. Other costs to await the final outcome of the litigation. ‘